McGREGOR W. SCOTT
United States Attorney
STEPHEN S. CODY
Special Assistant U.S. Attorney
CHRISTOPHER S. HALES
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
(916) 554-2700

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 3:19-po-00113-DMC |
| Plaintiff, | UNITED STATES' OPPOSITION TO MOTION TO DIMISS |
| v. | |
| ANDREW D. PETERSON, | DATE:  August 6, 2019 |
| | TIME:   11:30 a.m. |
| Defendant. | JUDGE: Hon. Dennis M. Cota |

I.  INTRODUCTION

Defendant's motion to dismiss asks the Court to make factual determinations on the merits of the case before any witnesses can be called or evidence submitted to the Court. It should be denied on the papers.  A pretrial motion is generally "capable of determination" before trial if it involves questions of law rather than fact. United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986).  However, defendant here seeks factual findings and a dismissal based on personal representations. The motion squarely implicates several factual disputes between the parties that require resolution at trial. Id.

## II.  FACTUAL BACKGROUND

Government witnesses and evidence will establish at trial that on April 9, 2019, law enforcement officers from the National Forest Service encountered the defendant, Andrew D. Peterson, while investigating a report that people were living on National Forest Systems lands in Goods Gulch, within the boundaries of Shasta-Trinity National Forest in the Eastern District of California. When approached by the officers, the defendant first claimed he was occupying his private property and threatened to bring a lawsuit against the officers. Later, he claimed that a jar containing paperwork for his mining claim on the land broke and his paperwork was now missing. In his current motion to dismiss, defendant argues that his personal acquaintance, Diane Richards, informally notified the local District Ranger of his mining operation, but, contrary to his earlier claims to law enforcement, his Notice of Claim was not filed until April 11, 2019, two days after being cited.

Law enforcement inspection of the area on April 9, 2019, revealed a well-established encampment, an excavated 10 foot by 10 foot pit, and scattered debris and human excrement near a public creek. As a consequence, the officers cited defendant for a violation of 36 C.F.R. § 261.9(a) – Damaging Natural Feature or Other Property; 36 C.F.R. § 261.10(b) – Occupying, Maintaining, Constructing Without Operating Plan or Authorization; and a violation of 36 C.F.R. § 261.11(c) – Placing in or Near Stream Any Substance Which May Pollute.

On June 25, 2019, during his initial appearance, the defendant filed a motion to dismiss the violation notices pursuant to Rule 12(b) on the grounds that the violation notices fail to state an

offense. See 12(b)(3)(B)(iv).

## III. APPLICABLE LAW

Rule 12 permits a party to raise "any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Courts generally resolve such pre-trial motions when they involve questions of law rather than fact. <u>United States v. Shortt Accountancy Corp.</u>, 785 F.2d 1448, 1452 (9th Cir. 1986). "[A] district court may make preliminary findings of fact necessary to decide the questions of law presented by pre-trial motions so long as the court's findings on the motion do not invade the province of the ultimate finder of fact. . . Under this standard, the district court must decide the issue raised in the pretrial motion before trial if it is 'entirely segregable' from the evidence to be presented at trial. . . . If the pretrial claim is "substantially founded upon and intertwined with" evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred." <u>Id.</u>

### A. THE 1872 MINING LAW AND FOREST SERVICE REGULATIONS

The 1872 Mining Law establishes the rights of a person to prospect, explore, and mine minerals on federal lands. 30 U.S.C. §§ 22-54. Under the law, the mining claimant has a non-exclusive right to possession and enjoyment of the land surface, but the United States retains title to the land. <u>United States v. Locke</u>, 471 U.S. 84 (1985); 30 U.S.C. § 612. The United States, as owner of the underlying fee title of an unpatented claim, maintains broad powers over the terms and conditions upon which the public lands can be used, leased, and acquired. <u>Locke</u>, 471 U.S. 84; <u>Kleppe v. New Mexico</u>, 426 U.S. 529, 539 (1976).

Further, it is well-settled that the Forest Service has broad authority to regulate the use of National Forest Service lands and to protect them from destruction and depredation. 16 U.S.C. § 551; 16 U.S.C. § 478; Clouser v. Espy, 42 F.3d 1522, 1529-30 (9th Cir. 1994) (finding that where mining activity disturbs surface resources on National Forest System lands, the Forest Service has authority to regulate the activities). United States v. Goldfield Deep Mines Co. of Nevada, 644 F.2d 1307, 1309 (9th Cir. 1981). In United States v. Doremus, 888 F.2d 630, 632 (9th Cir. 1989), as well as several other cases, courts have upheld Forest Service authority to regulate mining operations in national forests by requiring miners to submit, and seek approval of, operating plans for their proposed operations. In Doremus, the Ninth Circuit affirmed the Forest Service's authority to regulate mining and rejected a miner's contention that conduct "reasonably incident[al]" to mining could not be so regulated. Doremus, 888 F.2d at 632; Clouser, 42 F.3d at 1529-30.

The Secretary of Agriculture has promulgated regulations for the surface use of National Forest Service lands in connection with operations associated with the 1872 Mining Law. See 36 C.F.R. §§ 228.1-.15. Persons seeking to prospect, locate, or develop mineral resources, must comply with the rules and regulations covering the National Forests. See 16 U.S.C. § 478; 30 U.S.C. § 612(b); Clouser, 42 F.3d at 1529-30; Doremus, 888 F.2d at 632; United States v. Weiss, 642 F.2d 296, 298 (9th Cir. 1981). These regulations apply to all mining operations for locatable minerals on National Forest Service lands whether the operations are on or off mining claims. 36 C.F.R. § 228.3(a). The Prohibition Regulations also provide penalties for specified acts and omissions on National Forest Service lands and

state that "[a]ny violation of the prohibitions of this part (261) shall be punishable by fine . . . or imprisonment . . . or both pursuant to 16 U.S.C. § 551, unless otherwise provided." 36 C.F.R. § 261.1(b).

## IV.   ARGUMENT

Defendant's motion to dismiss should be denied for two reasons. First, Defendant's mining operation was unauthorized and his acts prohibited. Second, Defendant's motion implicates factual disputes that should be addressed at trial, including, but not limited to, defendant's compliance with federal law and regulations that govern mining operations on federal land, the scope of defendant's mining operation in Shasta-Trinity Forest, and the relevance, if any, of his mining activities to the violations and damage caused by defendant to public land.

**A.   Defendant's Mining Operation Was Unauthorized and his Acts Prohibited Under Forest Service Regulations**

Defendant argues he was "in compliance" with federal law and had begun "the paperwork process" for his mining operation at the time of the violations. Doc. 7 at 2.  In fact, defendant was not in compliance with federal law and only filed notice of a mining claim two days after violations were issued on April 9, 2019.

Defendant failed to comply with federal law and National Forest Service regulations in at least three ways.  First, defendant used a non-system road in the National Forest to access the site of his mining operation.  This requires approval of a plan of operation with the Forest Service. See 36 C.F.R. 228.4(a)(1)(i) and 228.4(a)(3)-(4). Yet defendant had filed no plan.  Second, defendant moved rocks to alter the water flow in a nearby stream. This constitutes stream bed

alternation and requires a permit. See California Fish and Game Code, Section 1602. Defendant obtained no such permit.[1] Third, the National Forest Service generally requires miners to use port-a-potties, self-contained recreational vehicle toilets, or cat holes dug at least 150 feet from a waterway due to sanitation concerns. Defendant used none of these approved methods for disposing of human waste. See 36 C.F.R. 228.8(c).

Additionally, Defendant had filed no paperwork regarding his mining operation at the time of the violations. On April 9, 2019, the defendant told officers that his paperwork had been lost when a jar broke. However, defendant's motion to dismiss now makes clear that he never filed any paperwork. As defendant notes in his motion, Forest Service regulations require Notice of Intent from "any person proposing to conduct operations which might cause disturbance of surface resources." 36 C.F.R. § 228.4(a). Here, defendant claims that informal notification of District Ranger Thomas Hall by his acquaintance, Diane Richards, constitutes Notice of Intent. However, such informal notification, even if it occurred, would still fall short of the regulation's requirements. "Each notice of intent to operate shall provide information sufficient to identify the area involved, the nature of the proposed operations, the route of access to the area of operations, and the method of transport." 36 C.F.R. § 228.4(a). Defendant, by his own admissions, has failed to comply with the federal laws and regulations which he identified in his motion to dismiss.

---

[1] Miners are made aware of this state law requirement when they submit a Notice of Intent or a Plan of Operation for their mining operation, but defendant never filed either document.

Defendant further argues that he was not provided the requisite notice as required under the Surface Use Regulations. 36 C.F.R. § 228.7. However, 36 C.F.R. § 228.7 relates to inspection and noncompliance of a mining operation and approved Plan of Operation. Here, defendant filed no Notice of Intention or Plan of Operation for any mining operation before the violations. Therefore, the notice requirements of 36 C.F.R. § 228.7 would not apply in this case.

Defendant further cites to United States v. Hall, 751 F. Supp. 1380 (E.D. Cal. 1990), for the proposition that the Forest Service cannot invoke criminal penalties until interim steps have been tried and have failed. Doc. 7 at 3. In Hall, the defendant resided on an unpatented mining claim and had an approved Plan of Operations that authorized residential occupancy. In spring 1990, a Forest Service employee told the defendant that he was required to submit a new Plan of Operations. Instead of taking formal steps towards cancelling or revoking the defendant's Plan of Operations, however, the Forest Service cited him for unauthorized occupation of National Forest Service lands in violation of 36 C.F.R. § 261.10(b). The court entered a judgment of acquittal based upon a Rule 29 motion, finding that "the absence of a valid authorization for residency purposes" was the basis of the citation and no evidence had been provided that the Forest Service's authorization for residency in the Plan of Operation had been cancelled or revoked. Hall, 751 F. Supp. at 1380 and 1385.

Hall is not applicable to the present case. Unlike in Hall, Defendant did not own any mineral rights or land and was not operating within the boundaries of an unpatented mining claim at the time of his unauthorized activities. Unlike in Hall, the Forest

Service did not "arbitrarily strike down" Defendant's Plan of Operation after approving it. Rather, Defendant never applied for a Plan of Operation and never filed any paperwork related to his mining operation before officers' issued the citations.

Finally, even if he had been in compliance with mining regulations and filed paperwork with the National Forest Service this would not negate criminal liability or preclude the United States from seeking other remedies. Pursuant to 16 U.S.C. § 478, persons prospecting, locating, and developing the mineral resources on National Forest Service lands must comply with <u>all</u> rules and regulations and "not just those which apply exclusively to mining claimants." <u>Doremus</u>, 888 F.2d at 632. Defendant fails to explain how anything in 36 C.F.R. § 228.4 or 36 C.F.R. § 228.7 exempts him from prosecution in this case. In <u>Doremus</u>, for example, the Ninth Circuit affirmed convictions where the defendants' activities exceeded the scope of their approved Plan of Operation. <u>Doremus</u>, 888 F.2d at 634 and 636. Here, Defendant never even filed a Plan of Operation. His unauthorized mining encampment cannot insulate him from criminal responsibility for the damage he caused to public land.

**B. Defendant's Arguments Require Factual Determinations at Trial**

Any argument by Defendant that he was in compliance with federal law is a factual determination and therefore inappropriate for decision on a Rule 12 motion. <u>United States v. Shortt Accountancy Corp.</u>, 785 F.2d 1448, 1452 (9th Cir. 1986) (denying motion to dismiss where motion raised questions of fact and law such that issues of law were not 'entirely segregable' from evidence to be presented at trial).

The government has broad discretion to initiate and conduct

criminal prosecutions. <u>United States v. Armstrong</u>, 517 U.S. 456, 464 (1996); <u>United States v. LaBonte</u>, 520 U.S. 751, 762 (1997). If there is probable cause to believe that Defendant committed an offense, the decision to prosecute is within the discretion of the prosecutor. <u>Wayte v. United States</u>, 470 U.S. 598, 607 (1985).

Defendant here argues that because he operated an unauthorized mining operation he bears no responsibility for the excavation a large pit on public lands, the alternation of a stream bed and water flow, and the illegal dumping of garbage and human excrement. Defendant identifies no relevant law to support his argument that such an operation, even if authorized, would release him from liability for the current offenses.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss should be denied.

DATED: July 15, 2019        McGREGOR W. SCOTT
                            United States Attorney

                       By:  _/s/ Stephen S. Cody_____
                            STEPHEN S. CODY
                            Special Assistant U.S. Attorney

## PROOF OF SERVICE BY MAIL

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on July 15, 2019, she served a copy of the **United States' Opposition to Motion to Dismiss** by placing said copy in a postage paid envelope addressed via first class mail to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Sacramento, California.

Addressee(s):

Andrew D. Peterson
P.O. Box 501
Hayfork, CA  96041

Dated:  July 15, 2019                               _/s/ Sherri Swanson_
                                                    SHERRI SWANSON
                                                    Paralegal Specialist